UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CANGRADE, INC.,

    Plaintiff,

  v.

SYNOPSYS, INC.,

    Defendant.

Case No. 25-cv-01381-NW

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS OR STRIKE**

Re: ECF No. 68

On September 5, 2025, Defendant Synopsys, Inc. ("Synopsys") filed a motion to dismiss Plaintiff Cangrade, Inc.'s ("Cangrade") second amended complaint. ECF No. 68.[1] Having considered the parties' briefs and the relevant legal authority, the Court concludes oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b), and GRANTS IN PART and DENIES IN PART Synopsys's motion for the reasons set forth below.

**I. BACKGROUND**

This Order assumes the reader is familiar with the alleged facts as set forth in the Court's August 1, 2025 Order granting in part and denying in part Synopsys's motion to dismiss the first amended complaint and does not repeat them here. ECF No. 54.

Cangrade filed its original complaint against Synopsys on February 10, 2025, alleging six causes of action: (1) violation of the federal Defend Trade Secret Act ("DTSA"); (2) violation of the California Uniform Trade Secrets Act ("CUTSA"); (3) breach of contract; (4) professional negligence; (5) negligent interference with prospective economic relations; and (6) breach of confidence. *See* Compl., ECF No. 1. Synopsys filed a motion to dismiss, *see* ECF No. 21, and

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

United States District Court
Northern District of California

Cangrade responded by filing an amended complaint that removed the claim for breach of confidence. *See* ECF No. 30. Synopsys then filed a motion to dismiss the first amended complaint. ECF No. 37. On August 1, 2025, the Court granted in part and denied in part Synopsys's motion to dismiss the first amended complaint. ECF No. 54.

On August 22, 2025, Cangrade filed a second amended complaint with five causes of action: (1) violation of the federal DTSA; (2) violation of the CUTSA; (3) breach of contract; (4) professional negligence; and (5) negligent interference with prospective economic relations. ECF No. 63. In its second amended complaint, the fourth and fifth causes of action have a parenthetical stating "dismissed" next to the title. *Id.* Synopsys moved to dismiss or strike the second amended complaint on several grounds.[2] ECF No. 68. Cangrade opposed, *see* ECF No. 73, and Synopsys filed a reply. ECF No. 74.

## II.    LEGAL STANDARD

### A.    Motion to Dismiss Under Rule 12(b)(6)

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the [plaintiff]." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

---

[2] Synopsys's motion mostly seeks to dismiss or strike certain portions of Cangrade's causes of action, not causes of action in their entirety.

United States District Court
Northern District of California

**B.      Motion to Strike Under Rule 12(f)**

Under Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of a Rule 12(f) "motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010).

**III.   DISCUSSION**

In its second motion to dismiss or strike, Synopsys again makes a plethora of arguments (many of them repetitive of arguments Synopsys made in its first motion to dismiss or strike) as to why Cangrade's causes of action should be dismissed or portions stricken. The Court addresses each one by claim and argument advanced.

**A.      Cangrade's Claims for Professional Negligence and Negligent Interference with Economic Relations (Counts IV and V)**

First, the Court agrees with Synopsys that Cangrade's claims for professional negligence and negligent interference with economic relations (Counts IV and V) should not appear in Cangrade's complaint as they were dismissed without leave to amend per the Court's prior Order. *See* ECF No. 54 at 8-10. Synopsys's motion to strike is GRANTED in this respect and these portions of Cangrade's second amended complaint are STRICKEN.

**B.      Cangrade's Claims for Willful Trade Secret Misappropriation (Counts I and II)**

In its second amended complaint, Cangrade newly requests "an award of exemplary damages as permitted by the relevant law." Second Am. Compl. ("SAC"), ECF No. 63 at 32. Cangrade adds new allegations in support of this request under both its federal DTSA claim and CUTSA claim. *Id.* ¶¶ 131, 141. Specifically, Cangrade alleges:

> Based on the information available to Cangrade, Synopsys' actions in publishing Cangrade's source code were knowing, intentional, and willful, entitling Cangrade to an award of exemplary damages under 18 U.S.C. § 1836(b)(3)(C) / Cal. Civ. Code § 3426.3.

*Id.* Synopsys moves to dismiss Cangrade's DTSA and CUTSA claims, or first and second causes

3

of action respectively, to the extent they seek exemplary damages or redress for willful trade secret misappropriation. ECF No. 68 at 13-18.

As an initial matter, the Court finds Rule 12(b)(6), not Rule 12(f) is the appropriate procedural vehicle here. Under Rule 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Synopsys's argument that Cangrade cannot seek exemplary damages does not readily fit within any of these categories. Additionally, "Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law." *Whittlestone, Inc.*, 618 F.3d at 974–75. While Synopsys does not argue that Cangrade's exemplary damages claims fail as a matter of law, Synopsys does argue that they fail because Cangrade fails to plausibly allege that an individual actor, or an officer, director, or managing agent of Synopsys, engaged in willful or malicious conduct. ECF No. 68. And "the proper medium for challenging the sufficiency of factual allegations in a complaint is through Rule 12(b)(6) not Rule 12(f)." *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, 313 F. Supp. 3d 1113, 1147 (N.D. Cal. 2018) (cleaned up).

As to the merits of the argument, Synopsys contends that Cangrade's exemplary damages claims fail because Cangrade failed to allege that an officer, director, or agent committed an act of oppression, fraud, or malice. ECF No. 68 at 15-16.[3] Cangrade responds that the statutory language does not impose such a requirement, nor can one be imported from other statutory sections relating to punitive damages. ECF No. 73 at 16-22. Cangrade's interpretation of the law is incorrect, and the Court finds Cangrade's allegations insufficient.

Under the CUTSA, "if willful and malicious misappropriation exists, the court may award exemplary damages in an amount not exceeding twice any award" for actual loss or unjust enrichment. Cal. Civ. Code § 3426.3(c). By statute, a plaintiff may only recover exemplary damages if it is shown "by clear and convincing evidence that the defendant has been guilty of

---

[3] Synopsys also argues Cangrade exceeded the scope of leave granted by the Court's previous motion to dismiss Order. *Id.* The Court rejects this argument; the prior motion to dismiss Order was not so limited. *See* ECF No. 54.

oppression, fraud, or malice." Cal. Civ. Code § 3294(a).  A corporate entity cannot engage in oppression, fraud, or malice for the purposes of exemplary damages unless "on the part of an officer, director, or managing agent of the corporation."  Cal. Civ. Code § 3294(b) ("With respect to a corporate employer, the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation"); *see also Taiwan Semiconductor Mfg. Co. v. Tela Innovations, Inc.*, No. 14-CV-00362-BLF, 2014 WL 3705350, at \*6 (N.D. Cal. July 24, 2014) ("[A] company simply cannot commit willful and malicious conduct—only an individual can."). Therefore, Cangrade must plead that an officer, director, or managing agent of Synopsys committed an act of oppression, fraud, or malice.

Cangrade's second amended complaint does not meet this standard.  Rather than specifically plead that an officer, director, or managing agent of Synopsys committed an act of oppression, fraud, or malice, Cangrade focuses on extraneous facts.  For example, Cangrade alleges that a Synopsys employee (who is not an officer, director, or managing agent) "uploaded and disclosed Cangrade's proprietary software source code to GitHub, and it became accessible on the public GitHub repository."  SAC ¶ 31.  Cangrade then alleges that this action "was not the only act of breach of confidentiality in which its employee was involved."  *Id.* ¶ 36.  The import of other breaches of confidentiality unrelated to Cangrade is unclear.  Instead, Cangrade alleges that "[o]nce data has been placed into the hands of a bad actor who has already acted to publish it once, any assurance of its secrecy has been destroyed."  *Id.* ¶ 50.  This is insufficient to meet the standard.  What Cangrade does not allege is telling.  Cangrade does not allege that a Synopsys officer, director, or managing agent maliciously concealed the disclosure of Cangrade's source code or otherwise acted fraudulently.

Similarly, Cangrade's allegations that "Synopsys conducted two investigations into the data breach" and "refused to provide Cangrade with any information regarding the outcome of those investigations" do not meet the standard.  *Id.* ¶ 48.  Instead, Cangrade must plead that an officer, director, or managing agent of Synopsys committed an act of oppression, fraud, or malice.

5

The Court GRANTS Synopsys's motion to dismiss Cangrade's DTSA[4] and CUTSA claims, or first and second causes of action respectively, to the extent they seek exemplary damages or redress for willful trade secret misappropriation.  Cangrade is granted leave to amend these claims only to add allegations that an officer, director, or managing agent of Synopsys committed an act of oppression, fraud, or malice.

### C.    Cangrade's Request for Unjust Enrichment Damages (Counts I and II)

In the Court's prior order granting Synopsys's first motion to dismiss in part, Cangrade's trade secret misappropriation claims were dismissed with leave to amend for failing to allege damages with sufficient factual detail.  ECF No. 54 at 14-15.  In response, Cangrade amended its complaint to add several paragraphs of factual allegations as to damages under a heading titled the same.  SAC ¶¶ 89-111.

In its latest motion to dismiss, Synopsys argues that Cangrade's amended allegations fail to plausibly allege unjust enrichment.  ECF No. 68 at 18-20, 25-27.  Synopsys asserts that Cangrade failed to identify a benefit conferred upon Synopsys as a result of the alleged misappropriation.  *Id.* at 20 ("Cangrade has not pled any 'profit' or 'calculable benefit' Synopsys realized from the *unauthorized* act of *publishing*, only money it received for the *authorized* act of *auditing*." (emphasis in original)).

In trade secret misappropriation cases, a "complainant may recover damages for the actual loss caused by misappropriation" or "for the unjust enrichment caused by misappropriation that is not taken into account in computing damages for actual loss."  Cal. Civ. Code § 3426.3(a); *see also* 18 U.S.C. § 1836(b)(3)(B).  The term "unjust enrichment" is generally "synonymous with restitution." *Ajaxo Inc. v. E\*Trade Fin. Corp.*, 187 Cal. App. 4th 1295, 1305 (2010).  The phrase "is used in law to characterize the result or effect of a failure to make restitution of or for property

_____

[4] While neither party cites to binding authority that imports the exemplary damages requirement that an "officer, director, or managing agent" commit an act of oppression, fraud, or malice from the California Civil Code to the DTSA, it is appropriate to impose that requirement here because the DTSA exemplary damages provision is similar to that in the CUTSA.  *Compare* 18 U.S.C. § 1836(b)(3)(C) and Cal. Civ. Code § 3426.3(c); *InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 657 (9th Cir. 2020) (finding it appropriate to analyze DTSA and CUTSA "claims together because the elements are substantially similar.")

United States District Court
Northern District of California

United States District Court
Northern District of California

or benefits received under such circumstances as to give rise to a legal or equitable obligation to account therefor." *Id.* (citation and emphasis omitted). In the context of a trade secrets action, "unjust enrichment is typically measured by the defendant's profits flowing from the misappropriation." *Id.* "[W[here a defendant has not realized a profit or other calculable benefit as a result of his or her misappropriation of a trade secret, unjust enrichment is not provable within the meaning of section 3426.3, subdivision (b)." *Id.* at 1313.

Here, in support of entitlement to unjust enrichment damages, Cangrade alleges:

> Synopsys was unjustly enriched by its misappropriation of Cangrade's trade secrets, by retaining a large fee for auditing the source code, while publishing it. It would be unjust for Synopsys to benefit from its illegal conduct. Under 18 U.S.C. § 1836(b)(3)/ Cal. Civ. Code § 3426.3, Cangrade is entitled to disgorgement of the fees Synopsys received from Paylocity.

SAC ¶¶ 131, 140. This is sufficient to satisfy the notice pleading of Rule 8(a), which requires only "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). Whether Cangrade has "pled any 'profit' or 'calculable benefit'" gained from the *unauthorized* act of *publishing*, as Synopsys insists in its motion is a factual issue more appropriately resolved on summary judgment. ECF No. 68 at 20.

### D.    Synopsys's Remaining Arguments

Synopsys argues that "Cangrade's amended trade secret claims should also be dismissed because the parties' Agreement precludes them." *Id.* at 21. This too is a factual issue that is inappropriate for resolution on a motion to dismiss.

Finally, Synopsys asserts that, as amended, Cangrade's trade secret claims are barred by the economic loss rule because they are "indistinguishable from its breach of contract claim." *Id.* at 22. The Court previously rejected this argument in its prior order stating:

> Cangrade's claims for trade secret misappropriation are not barred by the economic loss rule. First, while the issue appears to be an unsettled one, Cangrade persuasively argues that the economic loss rule does not extend to statutory claims like those under the DTSA and CUTSA. Opp'n at 17-19. The economic loss rule does not apply when conduct "also violates a duty independent of the contract." *Robinson Helicopter Co.*, 34 Cal. 4th at 989 (citation omitted). Here, both the DTSA and the CUTSA impose duties independent of the parties' contract and are "decidedly not a state-law tort claim." *In re Apple Inc. Device Performance Litig.*, 347 F. Supp. 3d 434 (N.D. Cal.

7

United States District Court
Northern District of California

2018), *on reconsideration in part,* 386 F. Supp. 3d 1155 (N.D. Cal. 2019) (finding a Computer Fraud and Abuse Act claim not barred by the economic loss rule).

ECF No. 54 at 10.  The Court will not entertain this argument again.

## IV.    CONCLUSION

For the reasons stated, the Court GRANTS in part and DENIES in part Synopsys's motion to dismiss or strike the second amended complaint as follows:

- Synopsys's motion to strike Cangrade's claims for professional negligence and negligent interference with economic relations (Counts IV and V) is GRANTED and these portions of Cangrade's second amended complaint are STRICKEN.

- Synopsys's motion to dismiss Cangrade's trade secret misappropriation claims under the DTSA and CUTSA (Counts I and II) to the extent they seek exemplary damages or redress for willful trade secret misappropriation is GRANTED with leave to amend. Cangrade may amend these claims only to add allegations that an officer, director, or managing agent of Synopsys committed an act of oppression, fraud, or malice.

- Synopsys's motion to dismiss or strike is DENIED in all other respects.

Any amended complaint consistent with this order shall be filed within 21 days.

**IT IS SO ORDERED.**

Dated: January 16, 2026

_____

Noël Wise
United States District Judge

8