UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CANGRADE, INC.,

Plaintiff,

v.

SYNOPSYS, INC.,

Defendant.

Case No.  25-cv-01381-NW (SVK)

**ORDER SETTING FORTH TENTATIVE AND FINAL RULINGS IN RE DKT. 80**

Re: Dkt. No. 80

## I.      INTRODUCTION

Before the Court is the Parties' Joint Submission regarding Plaintiff Cangrade's responses to certain Requests for Admissions ("RFAs") and Requests for Production ("RFPs").  Dkt. 80. The Court has reviewed the case file, the arguments of counsel and the relevant law and determines that this matter can be resolved without oral argument.  Civ. L.R. 7-1(b).  However, as some of the disputed requests involves third-party Paylocity, the Court issues certain tentative rulings to give Paylocity an opportunity to be heard as directed below.

In sum, there are four (4) disputes addressed in the dispute summary chart (Dkt. 80-1):

1.   A specific term of settlement of a lawsuit in Massachusetts between Cangrade and third-party Paylocity ("the Massachusetts Action").  Dkt. 80-1 at 2 (RFA 54).

2.   Documents reflecting settlement negotiations between Cangrade and third-party Paylocity.  *Id.* at 5 (RFP 11).

3.   Documents reflecting communications between Cangrade and its investors relating to ten different topics.  *Id.* at 8-9 (RFP 4).

4.   A series of RFAs directed to the existence or non-existence of communications between Cangrade and its investors and between Cangrade and unidentified third-parties.  *Id.* at 9-25 (RFAs 72-111).

In addressing the disputed requests, the Court is guided by the parameters of relevance and proportionality based upon the allegations in the current operative complaint. Dkt. 60[1]; Fed. R. Civ. P. 26(b)(1). Particularly helpful at the stage of this case, Rule 26 also provides that information that is relevant and proportional to the needs of the case "need not be admissible in evidence to be discoverable." *Id*. With these precepts in mind, the Court addresses the disputed categories summarized above.

## II.   DISCUSSION

### A.   RFA 54:  A fact relating to the settlement between Cangrade and third-party Paylocity.

RFA 54 seeks an admission that Cangrade received payment from Paylocity in settling the Massachusetts Action. Dkt. 80-1. The *fact* of whether or not Cangrade received payment in settling that action is not privileged and, in light of the claims and defenses asserted in this action, whether any such payment was received is relevant and proportional to the needs of this case. Fed. R. Civ. P. 26. The Court acknowledges that the Parties hotly dispute whether the remedies Cangrade seeks this lawsuit overlap with whatever it may have recovered in the Massachusetts Action and, similarly, whether an offset to recovery in this action would be appropriate. That dispute may properly be the subject of motion practice before the presiding judge;  it will not be resolved in the context of a discovery dispute. Accordingly, the Court **tentatively GRANTS** Synopsis' request for a response to RFA 54 in the form of either an admission or a denial or, **in the alternative, tentatively ORDERS** Cangrade to produce the final settlement agreement between it and third-party Paylocity as reasoned below.

### B.   RFP 11:  Documents relating to settlement negotiations.

RFP 11 seeks "[d]ocuments relating to the negotiation and execution of the settlement between You and Paylocity in connection with the Massachusetts Lawsuit." Dkt. 80-1 at 5. Although this request is not entirely clear, based upon the Joint Submission, it appears that the Parties dispute

---

[1] The presiding judge recently granted in part and denied in part with leave to amend Synopsis' Motion to Dismiss the Second Amended Complaint. Dkt. 81.  That order does not impact the issues raised in this dispute and, as a third amended complaint has not yet been filed, this Court properly looks to the Second Amended Complaint at Dkt. 60.

2

the production of documents reflecting settlement negotiations as well as production of the settlement agreement. *See* Dkt. 80.

Against this backdrop, Cangrade argues against production of any settlement-related documents on various basis of confidentiality, privilege and relevance. Dkt. 80 at 5-7. Not to bury the lede, the Court is not persuaded that any documents related to the settlement between Cangrade and Paylocity are protected as confidential or privileged. The Court further concludes on the record before it that the settlement agreement between the two is relevant, and its production is proportional to the needs of this case. Documents related to settlement negotiations leading up to the agreement, however, are at best only tangentially relevant, and with the production of the settlement agreement, documents reflecting settlement negotiations are not proportional to the needs of this case. Fed. R. Civ. P. 26(b)(1).

To briefly return to Cangrade's arguments, it first suggests that the confidentiality provisions in the settlement agreement prohibit its disclosure in this action, even in face of a court order. Dkt. 80 at 6. Cangrade cites no authority for what would be an enormous work-around to Rule 26, and this Court dismisses the argument accordingly. Cangrade also urges inadmissibility of settlement-related documents under Federal Rule of Evidence ("FRE") 408. *Id*. First, as noted above, evidence need not be admissible to be discoverable. Fed. R. Civ. P. 26(b)(1). Second, FRE 408 limits the use of evidence exchanged in confidential proceedings to settle a claim to demonstrate liability as to *that* claim. Fed. R. Evid. 408, Advisory Committee's Note on Proposed Rules ("As a matter of general agreement, evidence of an offer-to compromise a claim is not receivable in evidence as an admission of, as the case may be, the validity or invalidity of **the** claim." (Emphasis added)). Again, Cangrade cites no authority, and the Court is not aware of any, that transfers FRE 408 protections as to a claim in one action to a different claim in another action. Cangrade's third attack on production of settlement-related documents is based on the mediation privilege. Dkt. 80 at 6. However, all of the authorities cited by Cangrade limit the privilege to materials related to the arranging and carrying out the mediation, using phrases such as "made during the course of the mediation" and "setting up or conducting the proceedings." *Id*.

United States District Court
Northern District of California

3

The privilege is similarly limited by Ninth Circuit authorities.[2]  Dkt. 80 at 3 (citing *Wilcox v. Arpaio*, 753 F.3d 872, 876 (9th Cir. 2014) and *The Facebook, Inc. v. Pacific Northwest Software, Inc.*, 640 F.3d 1034, 1040-41 (9th Cir. 2011)).  Thus, the mediation privilege protects neither the settlement-related documents created in the several months following mediation nor the settlement agreement itself.  *E.g.*, *Folb v. Motion Picture Indus. Pension & Health Plans*, 16 F. Supp. 2d 1164, 1180 (C.D. Cal. 1998), *aff'd*, 216 F. 3d 1082 (9th Cir. 2000).  Finally, Cangrade makes a general relevance argument by attempting to distinguish the claims and damages sought in the Massachusetts Action from this suit.  Dkt. 80 at 6-7.  As discussed above, the legal impact of the Massachusetts Action on this case is an issue for the presiding judge.  Moreover, as also noted above, admissibility in this action is a prerequisite to discoverability.

Accordingly, in response to RFP 11, the Court **tentatively GRANTS** Synopsis' request as to the settlement agreement between Cangrade and Paylocity and **tentatively DENIES** the request as to other settlement-related documents.  The Court **ORDERS** the Parties, including third-party Paylocity, to meet and confer with the Court's tentative rulings as guidance, **no later than January 27, 2026**.  If the Parties are unable to agree on production of the settlement agreement in lieu of a supplemental responses to RFA 54 and RFP 11, or if Paylocity would like to be heard on either of these issues, Synopsis, Cangrade and Paylocity may submit a single joint statement not to exceed 2 pages each, for a total of 6 pages, **no later than February 3, 2026**.[3]  The Court will set a hearing if necessary.

### C.    RFP 4:  Investor Communications

RFP 4 seeks:

> Documents and Communications exchanged with Investors relating to the GitHub Post, the LOI, the potential merger between You and Paylocity, this Litigation, the Massachusetts Lawsuit, the settlement of the Massachusetts Lawsuit, Your Trade Secrets, the audit of

---

[2] The Parties debate whether federal or state law governs privilege in this context, and if state law, whether it is the law of Massachusetts or California.  As all authorities cited by both sides limit the mediation privilege to preparation for and conduct of the mediation itself, the Court need not resolve this question.

[3] Although Paylocity has not previously been heard on this topic, in this instance its position is aligned with Cangrade, who addresses it extensively in the current Joint Submission.

Cangrade source code performed by Synopsys, Joseph Paulose, or the CONDA.

Dkt. 80-1 at 8-9. Synopsis complains of the production of only a single document in response to this RFP seeking communications with investors about any one of ten topics. Cangrade proffers that there are only two persons at Cangrade who communicate with its "handful" of investors and that those communications are sporadic and almost entirely by phone. Dkt. 80 at 7. Cangrade also divides the topics between those that address the "software breach and resulting termination of the merger" and those directed to the "origin and proceedings of the merger." *Id.* Cangrade objects to the latter category as irrelevant. *Id*. Cangrade does not identify which topics in RFP 4 fall into which category, although some are obvious. Synopsis does not specifically address Cangrade's relevance objection. *See id.* at 1-5.

The question of relevance must be addressed in the first instance, but, as noted, the record before the Court is incomplete. Accordingly, the Court **ORDERS** that **no later than January 27, 2026** Synopsis and Cangrade meet and confer, in light of the directives below, to further address the relevancy of the topics in RFP 4. **This meet and confer effort must be robust, either in person or by video, conducted by counsel with full authority to negotiate and compromise to resolve this issue**. If the Parties are unable to resolve this dispute, they submit a further joint statement to the Court, not to exceed 4 pages, **no later than February 3, 2026**.

As to the sufficiency of any search, Rule 26(g) requires the reasonable, diligent effort *by counsel* in responding to discovery requests. Although searches by clients are not *per se* against the Rules, searches without input or guidance by counsel may be inadequate. Notwithstanding the context provided by Cangrade, the production of only a single document across a range of subjects, even as those subjects are limited by Cangrade, raises a legitimate question as to the sufficiency of the search. Further, as there are only two Cangrade employees who communicate with investors, a more thorough search by counsel is not unduly burdensome. Accordingly, the Court **ORDERS** as follows: Within 14 days of resolution of the scope of RFP 4, either by agreement or court order, counsel for Cangrade is to search the two individuals' emails and texts, using search terms sufficient to capture relevant communications on the relevant topics. At this time, Synopsis' request for further discovery into Cangrade's search for documents is unwarranted

United States District Court
Northern District of California

5

United States District Court
Northern District of California

and is therefore **DENIED without prejudice**.

> **D.    RFAs 72-111:  Existence of Documents**

In addressing this voluminous portion of the dispute, the Court is guided by the express objective of Requests for Admission.  *See* Fed. R. Civ. P. 36(a)(1)(A).  In relevant part, Rule 36 provides:

> A party may serve on any other party a written request to admit, for the purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:
>
> (A) facts, the application of law to fact, or opinions about either ….

*Id.*  The Advisory Committee Notes more precisely state the Rule's objective as follows:

> Rule 36 serves two vital purposes, both of which are designed **to reduce trial time**.  … [F]irst to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be.

*Id.*, Advisory Committee's Notes to 1970 Amendment.

Synopsis readily admits that these RFAs are in reaction to RFP 4 and the production of only one document.  Dkt. 80 at 5.  As such, these RFAs are not directed to facts to be determined at trial are therefore improper.  Synopsis' request is **DENIED** as outside the parameters of Rule 36.  Notably, Synopsis' concern regarding the existence of documents is addressed by the Court's ruling in re RFP 4, above.  *See, supra*, § II.C.

**III.    CONCLUSION**

In light of the early stage of this litigation, the Parties may stipulate to modest extensions of the deadlines set forth herein to facilitate the resolution of any dispute without further Court intervention.

**SO ORDERED.**

Dated: January 20, 2026

Susan van Keulen

SUSAN VAN KEULEN
United States Magistrate Judge

6