UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANGRADE, INC.,<br><br>            Plaintiff,<br><br>        v.<br><br>SYNOPSYS, INC.,<br><br>            Defendant. | Case No.  25-cv-01381-NW (SVK)<br><br>**ORDER RESOLVING SEALING MOTIONS RE SETTLEMENT AGREEMENT DISPUTE**<br><br>Re: Dkt. Nos. 84, 95 |

On February 12, 2026, the Court issued an Order extending the deadline for third-party Paylocity Corp. ("Paylocity") to file a statement in support of Defendant Synopsys, Inc.'s ("Synopsys") administrative sealing motion in connection with the Parties' supplemental join discovery statement, Dkt. 85.  Dkt. 90.  The same Order also directed Synopsys and Plaintiff Cangrade, Inc. to meet and confer and submit joint proposed redactions to the Court's Order re Discovery Disputes at Dkts. 80 and 87.  *Id.* at 2.

On February 19, 2026, Paylocity filed its statement in support of sealing, (Dkt. 97), and Cangrade submitted its proposed redactions, (Dkt. 95).  However, the redactions were not jointly proposed, so the Court ordered Synopsys to file its opposition, if any, no later than February 23, 2026.  Dkt. 98.  No opposition has been filed.  Having considered the Parties' and Paylocity's submissions, the relevant law, and the record in this matter, the Court **GRANTS** Synopsys' administrative sealing motion (Dkt. 84) and **GRANTS IN PART** and **DENIES IN PART** Cangrade's proposed redactions to this Court's February 12 Order.

| Document | Text to be Sealed | Basis for Sealing / Court Ruling |
|---|---|---|
| Supplemental Joint Statement<br><br>[Dkt. 84-2] | Highlighted Portions at ECF pages:<br><br>1, ¶ 3<br><br>2, ¶¶ 5-6 | **GRANTED**. The Court finds that the highlighted language contains non-public, specific details regarding the confidential terms of Paylocity's settlement agreement with Cangrade.  Generally, public disclosure of private settlement terms is contrary to public |

| Document | Text to be Sealed | Basis for Sealing / Court Ruling |
|---|---|---|
| | 3, ¶¶ 1-2<br><br>4, ¶ 1 | policy because it would "chill the parties' ability in many cases to settle the action before trial." *Monster Energy Co. v. Schechter*, 7 Cal. 5th 781, 793 (2019). Given this risk of harm, the Court finds **good cause** to maintain these portions of the supplemental joint statement under seal. |
| February 12, 2026 Order re Discovery Disputes at Dkts. 80 and 87<br><br>[Dkt. 89] | Highlighted text at ECF pages:<br><br>2:6-7, 9-12, 20-25 | **GRANTED IN PART AND DENIED IN PART**. For the same reasons as with regard to Dkt. 84-2, above, the Court finds that sealing of the details of Paylocity and Cangrade's confidential settlement agreement is generally supported by good cause. However, Cangrade's proposed redactions are overbroad, as Cangrade also seeks to redact certain, high-level details from which no harm could result and the disclosure of which is not likely to "chill" parties' future ability to settle cases.<br><br>Accordingly, the text at ECF page 2 lines 8, 19-20 up to the phrase "including, *e.g.*", and lines 21-22 up to the phrase "only one of which is" shall be **unsealed** (inclusive of these phrases). |

The Clerk of Court shall maintain Dkts. 84-2 and 89 under seal until further order of this Court. The Court will issue a public, redacted copy of Dkt. 89 in accordance with its Order above.

**SO ORDERED.**

Dated: February 25, 2026

SUSAN VAN KEULEN
United States Magistrate Judge