UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANGRADE, INC., <br><br>       Plaintiff, <br><br>   v. <br><br> SYNOPSYS, INC., <br><br>       Defendant. | Case No.  25-cv-01381-NW (SVK) <br><br> **ORDER RE DISCOVERY DISPUTES AT DKT. 80 AND 87** <br><br> Re: Dkt. Nos. 80, 85, 87 |

Before the Court is the Parties' continuing dispute regarding production of documents reflecting settlement negotiations between Plaintiff Cangrade, Inc. ("Cangrade") and third-party Paylocity.  Dkts. 80, 85.  Also before the Court is a dispute regarding certain Requests for Admissions ("RFAs").  Dkt. 87.  The Court has reviewed the Parties' submissions, additional requested documentation and relevant law and determines that these matters may be resolved without oral argument.  Civil L.R. 7(b)-1.

**A.       Production of Settlement Negotiation Documents (Dkts. 80, 85)**

This dispute originated with a joint submission setting forth several disputes, followed by tentative and final rulings by the undersigned which required, in part, further production and meet-and-confer efforts culminating in a final joint submission.  *See* Dkts. 80, 82, 85.  The final submission addresses the single remaining dispute:  Defendant Synopsys, Inc.'s ("Synopsys") request for the production of settlement negotiation documents between Cangrade and third-party Paylocity Corp. ("Paylocity).  Dkt. 85.[1]  The fact and certain terms of the settlement are relevant

---

[1] The Parties' initial joint statement was not filed under seal and was set forth at a high level of generality.  The supplemental submissions in response to this Court's orders have necessarily included more detail, and the supplemental joint statement at Dkt. 85 was filed under seal as Dkt. 84-2.  In its accompanying Redaction Order, the Court defers the motion to seal Dkt. 84-2 pending a statement in support of sealing by Paylocity.  In light of the pending motion to seal and the submission of documents for *in-camera* review, the Court issues this Order provisionally under seal pending proposed redactions by the Parties.

to the present suit, and in its previous Order, the Court tentatively ordered the production of the settlement agreement and tentatively denied production of the negotiation documents. Dkt. 82. The settlement agreement has now been produced to Synopsys, and the Court requested and reviewed it *in camera* to address Synopsys' remaining request for documents relating to the negotiation of that agreement. *See* Dkt. 88.

The settlement agreement provides, in part, ██████████████████ ████████████████████████████████████. The settlement agreement also provides for a payment from Paylocity to Cangrade in settlement of their litigation. Synopsys argues that the negotiation documents are relevant because ████████████████ ████████████████████████████ Synopsys also suggests that documents are necessary to ████████████████████████████ ████████████████. Dkt. 85 at 3. Cangrade urges that Synopsys' theories as to what may be in the negotiation documents are speculative and that production of the negotiation documents, which are emails between counsel over a period of more than two months, is burdensome and not proportional to the litigation. *Id*. at 4.

The Court has reviewed the settlement agreement and weighed the balance of relevance and proportionality and determines that Synopsys's request for negotiation documents is not proportional to the needs of the litigation. Fed. R. Civ. Proc. 26(b)(1). The settlement agreement reflects numerous factors other than the present litigation that may have informed the amount of settlement, including, *e.g*., a████████████████████████████ ████. Similarly, the settlement agreement contains several promises to do, or to refrain from doing, various acts, only one of which is ████████████████████████ ██. ████████████████████████████████ ████████████████████████████████████████ ████████████████████████, is not proportional to the needs of the case, particularly in light of the production of the settlement agreement and the availability of Cangrade and Paylocity witnesses to address the topic in deposition. Accordingly, Synopsys' request for production of settlement negotiation documents is **DENIED**.

United States District Court
Northern District of California

**B.**      **Dispute regarding RFAs 14-25 (Dkt. 87)**

Synopsys has served 12 RFAs (nos. 14-25) generally directed to whether Cangrade's trade secrets, which are embedded in software, are encompassed in any Cangrade patents or patent applications.  Dkts. 87-1, 87-2.  None of the requests identify specific trade secrets or specific patents, using only defined terms (*i.e.*, "Your Software" and "Cangrade Patents") that refer to a group of patents and a collection of software.   As such, the requests are so high level that they are abstract and fail to meet the objective of Rule 36.  Fed. R. Civ. Proc. 36, advisory committee's note to 1970 amendment ("Rule 36 serves two vital purposes, both of which are designed to reduce trial time."  For example, RFA 15 asks Cangrade to admit that "Your Software implements inventions disclosed in the Cangrade Patents."  Dkt. 87-2 at 2.  RFA 16 asks Cangrade to admit the inverse – that its software does not implement inventions disclosed in the patents.  *Id.*  The RFAs continue in this vague and abstract pattern, addressing in turn source code and patent applications.  *Id.* at 2-5.  As drafted, the RFAs are vague and ambiguous, do not meet the criteria of Rule 36 and as such are not proportional to the needs of the litigation.  Accordingly, Synopsys' request is **DENIED**.

**C.**      **Dispute regarding RFA 46 (Dkt. 87)**

Additionally, Synopsys served an RFA, RFA 46, asking Cangrade to admit that it faced cybersecurity risks prior to the GitHub Post.  Dkt. 87-1.   After objecting to the term "cybersecurity risks" as vague and ambiguous, Cangrade responded "admitted" while applying a definition of "cybersecurity risks" from the National Institute of Standards and Technologies.  Dkt. 87-3 at 2.  Given the general nature of the request and that "cybersecurity" is not a defined term in the RFAs, Cangrade's response is sufficient.  Synopsys's request is **DENIED**.

**SO ORDERED.**

Dated: February 12, 2026.

SUSAN VAN KEULEN
United States Magistrate Judge

3